IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.

STELLAR GLOBAL TRADING INC,

    Plaintiff,

v.

THE CORPORATIONS AND INDIVIDUALS
IDENTIFIED ON EXHIBIT "A",

    Defendants.

### PLAINTIFF'S MOTION TO FILE UNDER SEAL

Plaintiff Stellar Global Trading Inc ("Plaintiff") hereby files this motion for leave to file the following documents under seal: (a) Schedule A to the Complaint (which identifies all three Defendants by name); (b) Plaintiff's forthcoming motion for prejudgment writ of replevin; and (c) Plaintiff's forthcoming motion for entry of a Break Order.

### INTRODUCTION

Good cause exists for the temporary sealing of Defendants' names and Plaintiff's forthcoming *ex parte* motions for a prejudgment writ of replevin and a corresponding Break Order. As set forth in the Complaint, Defendants have engaged in a sophisticated scheme involving the use of fraudulent purchase orders, contracts, and bank statements, the net result of which was Plaintiff shipping hundreds of thousands of pairs of footwear products to Defendants, which Defendants are now actively selling on 'Clearance' and/or 'Liquidation' from multiple warehouses rather than paying Plaintiff for such goods as was required upon delivery. Given the emergency nature of the relief being sought and the fact that such relief will be meaningless if Defendants are informed about the existence of this lawsuit, good cause exists for the relief sought herein.

**ARGUMENT**

**I.      Legal Standard**

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," United States v. Rosenthal, 763 F.2d 1291, 1292-93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2007); see also Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. See Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001). "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero, 480 F.3d at 1246.

"A party seeking to file information or documents under seal in a civil case shall" file "a motion to file under seal that sets forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed (the 'proposed sealed material') with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material." S.D. Fla. L.R. 5.4(b)(1). "The motion to

file under seal shall specify the proposed duration of the requested sealing. The motion to file under seal and the docket text shall be publicly available on the docket." S.D. Fla. L.R. 5.4(b)(1).

**II.     Good Cause Exists for the Requested Sealing**

Upon the granting of this Motion, Plaintiff intends to file emergency, *ex parte* motions for a prejudgment writ of replevin and a corresponding Break Order. As will be set forth in those motions, Plaintiff will seek a prejudgment writ of replevin pursuant to Fla. Stat. § 78.068, which requires a finding that Defendants are "engaging in, or [are] about to engage in, conduct that may place the claimed property in danger of destruction, concealment, waste, removal from the state, removal from the jurisdiction of the court, or transfer to an innocent purchaser during the pendency of the action or that the defendant has failed to make payment as agreed."

Here, Plaintiff alleges that it was defrauded into selling hundreds of thousands of pairs of footwear products to Defendants as a result of a sophisticated scheme whereby Defendants manufactured fake Walmart purchase orders, contracts, and bank statements purportedly showing the receipt of tens of millions of dollars from Walmart… all in a concerted effort to cause Plaintiff to ship the footwear to Defendants who then failed to pay for such and instead turned around and are selling the footwear from their warehouses. Defendants have already shown the lengths they will go to further their scheme, and alerting them of this lawsuit and/or the forthcoming motions will allow them to further move/dissipate the footwear (which is in small/easily movable boxes), causing Plaintiff to incur substantial expense to secure a prejudgment writ of replevin/Break Order while ultimately being unable to effectuate such. Indeed, motions for a prejudgment writ of replevin are overwhelmingly on an *ex parte* basis given the nature of the relief being sought. See, e.g. JB Int'l, Inc. v. Mega Flight, Inc., 840 So. 2d 1147, 1149 (Fla. 5th DCA 2003) ("The prejudgment writ of replevin, on the other hand, is a summary procedure for the limited purpose

of obtaining possession of property ***on an ex parte application*** to the court to secure it against danger of destruction, concealment, waste, removal from the state, removal from the jurisdiction of the court, or transfer to an innocent purchaser during the pendency of the action.") (emphasis added) (internal quotation marks omitted); <u>Textron Fin. Corp. v. Unique Marine, Inc.</u>, No. 08-10082-CIV-MOORE/SIMONTON, 2008 U.S. Dist. LEXIS 90245, at *16 (S.D. Fla. Oct. 22, 2008) ("It is appropriate to issue a prejudgment writ of replevin on a *ex parte* basis, without providing Unique Marine notice or an opportunity to be heard.").

The Court should likewise allow Defendants' names to remain sealed until after issuance and service/execution of any prejudgment writ of replevin/Break Order.  This is not the typical 'Schedule A' copyright/trademark/patent case involving Amazon.com sellers operating stores under pseudonyms where the actual defendants are predominantly located in China or other countries.  Rather, as set forth in the Complaint, Defendants are a Florida resident and two Florida corporations, all of which are located within the Southern District of Florida.  Here, sealing Defendants' names is necessary to prevent them being inundated with attorney solicitation letters notifying them of the pendency of this lawsuit (which would thus defeat the *ex parte* relief being sought by Plaintiff).[1]  Although seemingly contrary to the Florida Rules of Professional Conduct, there are dozens if not hundreds of attorneys throughout the State that apparently utilize software to automatically monitor new case filings (in both state and federal court) and generate letters to the defendants to both notify them of the lawsuit and solicit their retention for the case.

Undersigned counsel primarily practices in the areas of business/commercial litigation disputes, having moved back to Florida in 2010 after six years of practicing in Washington, DC.

---

[1]  <u>See</u> Declaration of Daniel DeSouza, Esq., dated January 7, 2026 (the "<u>DeSouza Decl.</u>"), a true and correct copy of which is attached hereto as Exhibit "A."

Following such move, undersigned counsel has served as counsel of record in hundreds of Florida lawsuits (in both federal and state court) on behalf of one or more defendants.  In a substantial amount of such lawsuits, undersigned counsel's client(s) did not learn of the lawsuit through a process server delivering formal service of process – rather, the client(s) learned of the lawsuit through multiple letters, sent by attorneys throughout the state, notifying the client(s) of the lawsuit and offering their services to represent such client(s).  These letters are generally sent via US Mail (or otherwise), include the case number/jurisdiction, and offer the attorney's services therein (i.e., they are not being sent by the plaintiff's counsel but rather by one or more attorneys soliciting to represent the defendant).

For example, on December 11, 2023, undersigned counsel received a text message from an existing client stating: "Apparently a lawsuit was filed against me.. haven't actually seen the full paperwork but I received 3 letters from attorneys soliciting me…."  Upon reviewing local case dockets, undersigned counsel then discovered a lawsuit filed against the foregoing client on December 5, 2023 (eight days before the solicitation letters were received) in Palm Beach Circuit Court.  In December 2025, another client inquired about a letter he just received from an attorney and provided undersigned counsel with a copy thereof.  As usual, the letter notified the client of the lawsuit, identified the case number/jurisdiction, and offered to represent such client in the lawsuit.  The letter was dated December 8, 2025 and, upon reviewing the Miami-Dade Clerk of Court docket site, it was discovered that the lawsuit had been filed on December 5, 2025 (three days earlier).  Over the years, undersigned counsel has been notified by clients with respect to dozens of lawsuits whereby such clients first learned of such via attorney solicitation letters rather than a process server… all of which have followed the same/similar formats of providing case number, jurisdiction, and offering to represent such client.  Undersigned counsel has likewise

spoken to the Florida Bar Ethics Hotline (https://www.floridabar.org/ethics/ethotline/) who also confirmed that these attorney solicitation letters are a common practice and, so long as the language is approved by the Florida Bar, are generally acceptable.

Given the need for *ex parte* relief here, and the likelihood that Defendants will receive notice of this lawsuit absent the sealing of both their names and the forthcoming replevin/Break Order motions, good cause exists for the requested sealing until such time as the prejudgment writ of replevin and Break Order are served/executed via the U.S. Marshals Service.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) granting this Motion; (b) authorizing Plaintiff to file its motion for prejudgment writ of replevin and motion for entry of Break Order under seal; (c) authorizing Plaintiff to file Schedule A to the Complaint (which identifies Defendants by name) under seal; and (d) for such further relief as the Court deems proper.

Dated: January 7, 2026.

DESOUZA LAW, P.A.
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone:  (954) 603-1340
DDesouza@desouzalaw.com
TManreza@desouzalaw.com

By: /s/ Daniel DeSouza, Esq._____
  Daniel DeSouza, Esq.
  Florida Bar No.: 19291
  Talia Manreza, Esq.
  Florida Bar No.: 1058838

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza
Daniel DeSouza